Daniel M. Crawford, CSB No. 39959
Attorney at Law
44 Montgomery Street, Suite 1050
San Francisco, California 94104
Telephone:   (415) 433-1442
Facsimile:   (415) 986-4056

Attorney for Plaintiffs HOWARD ZIMMERMAN
and WILLIAM CARTER

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ZIMMERMAN and WILLIAM CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY of SOUTH SAN FRANCISCO, SOUTH SAN FRANCISCO POLICE DEPARTMENT, MARK RAFFAELLI, and DOES 1 through 10,<br><br>Defendants. | No. C 07 3623<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION BASED ON MILITARY SERVICE IN VIOLATION OF USERRA AND THE CALIFORNIA MILITARY AND VETERANS CODE**<br><br>**TRIAL BY JURY DEMANDED** |

Plaintiffs Howard Zimmerman and William Carter (hereinafter referred to collectively as "Plaintiffs") complain and allege as follows:

**PARTIES**

1. Plaintiff Howard Zimmerman (hereinafter referred to as "Plaintiff Zimmerman") is a police officer employee of Defendants City of South San Francisco and South San Francisco Police Department (hereinafter collectively referred to as "Defendants SSF"). Plaintiff Zimmerman commenced employment as a police officer with Defendants SSF in 1997.

COMPLAINT

2. Plaintiff William Carter (hereinafter referred to as "Plaintiff Carter") is a police officer employee of Defendants SSF. Plaintiff Carter commenced employment as a police officer with Defendants SSF in 1978.

3. At all material times, Plaintiffs were employees of Defendants SSF in South San Francisco, California and the employment relationship upon which they sue herein was entered into in the State of California and to be performed in the State of California.

4. Defendant City of South San Francisco is a municipal corporation under the laws of the State of California. Defendant South San Francisco Police Department is the Police Department for the City of South San Francisco.

5. At all material times, Defendant Mark Raffaelli was and still is the Chief of Police for the City of South San Francisco Police Department.

6. The names and capacities of the Defendants named herein as Does 1 through 10 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff is informed and believes that the Doe Defendants are in some way responsible for the damages claimed herein and will amend this Complaint to allege such true names and capacities when they have been determined.

7. Plaintiff is informed and believes and on that basis alleges that each Defendant was an agent, managing agent, officer, shareholder, employee, partner, joint venturer, aider or abettor, alter ego, or co-conspirator of the remaining Defendants and acting within the course and scope of that relationship. Plaintiff is further informed and believes and on that basis alleges that each of the Defendants herein gave consent to, authorized, and/or ratified the conduct of the other Defendants.

**JURISDICTION AND VENUE**

8. Plaintiffs bring this lawsuit against Defendants seeking all available relief under the Uniformed Services Employment and Reemployment Rights Act of 1994

-2-

COMPLAINT

(hereinafter referred to as "USERRA"), 38 U.S.C. §§ 4301, *et. seq.* and the California Military and Veterans Code §§ 394 *et. seq.*

9. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331 and 38 U.S.C. §4323(b)(1).

10. Venue in this Court is proper pursuant to 28 U.S.C. §1391 and 38 U.S.C. §4323(c)(2).

### PERTINENT FACTS RE PLAINTIFF ZIMMERMAN

11. Plaintiff Zimmerman commenced employment with Defendants SSF in 1997 as a Police Officer. In December 2003, Plaintiff Zimmerman was promoted to Police Corporal and has maintained that job title ever since.

12. Throughout his employment, Plaintiff Zimmerman has performed his duties in a diligent and competent manner, consistently receiving positive feedback and commendations from his superiors and co-workers regarding his job performance.

13. During all relevant times, Plaintiff Zimmerman was a member of the California Army National Guard and, as such, was a member of the "uniformed services" under USERRA (*See* 38 U.S.C. §4303(13)) and a member of the military forces of the United States under California Military and Veterans Code §§ 394 *et. seq.*

14. During his employment with Defendants SSF, Plaintiff Zimmerman was called to full time active duty on multiple occasions, including but not limited to two deployments to Iraq from June 2004 to November 2004 and from October 2005 to September 2006, and one deployment to Ft. Lewis Washington from October 2001 to July 2002. Plaintiff Zimmerman received multiple awards and medals for his military service, including but not limited to a Bronze Star Medal for Valor with two Oak Leaves and a Purple Heart for wounds received in combat.

15. While serving as a Police Officer for Defendants SSF, Plaintiff Zimmerman was desirous of being promoted to Corporal and applied for Corporal positions for nearly two years before he was eventually promoted to Corporal in early 2004. Plaintiff Zimmerman's military status and service was a motivating factor for

-3-

COMPLAINT

Defendants SSF and Defendant Raffaelli's refusal to consider him for promotion to Corporal before early 2004 and, in the absence of such motivation, Plaintiff Zimmerman would have been promoted.

16. In October 2005, Plaintiff Zimmerman was redeployed to Iraq for a second tour of full time active duty with the Army. While serving in Iraq in January 2006, Plaintiff Zimmerman learned of Defendants SSF intent to conduct examinations for the position of Police Sergeant. Desiring promotion, Plaintiff Zimmerman emailed Defendant Raffaelli that he was interested in becoming a Sergeant, would like to compete for the position, and requested that the examination, which was scheduled for February 2006, be postponed until his return from military service or that an alternative means for him to take the test be arranged. Defendant Raffaelli and Defendants SSF denied Plaintiff Zimmerman's request. On or about February 7, 2006, Plaintiff Zimmerman provided Defendants his resume, notified them he wished to be considered for the Sergeant position, and again requested the Sergeant promotional exam be postponed until his return from military service or that an alternative means for him to take the test be arranged. Defendants SSF and Defendant Raffaelli again refused Plaintiff Zimmerman's request and proceeded with the promotional exam while Plaintiff Zimmerman was on active duty in Iraq. Defendants SSF and Defendant Raffaelli subsequently awarded the Sergeant position to one individual who took the exam and was lesser qualified than Plaintiff Zimmerman and who was non-military personnel. Plaintiff Zimmerman's military status and service was a motivating factor for Defendants SSF and Defendant Raffaelli's refusal to allow him to take the Sergeant's promotional exam and/or to consider him for promotion to Sergeant and, in the absence of such motivation, Plaintiff Zimmerman would have been promoted to Sergeant.

17. When Plaintiff Zimmerman returned from Iraq to work for Defendants SSF and Defendant Raffaelli in December 2006, said Defendants refused to allow Plaintiff Zimmerman to return to the same position of Special Agent with the San Mateo County Task Force (hereinafter referred to as "VTTF) to which he had been assigned at

-4-

COMPLAINT

the time of his redeployment to Iraq in October 2005. Plaintiff Zimmerman's military status and service was a motivating factor for Defendants SSF and Defendant Raffaelli's refusal to allow him to return to the VTTF position and, in the absence of such motivation, Plaintiff Zimmerman would have been assigned to the VTTF position he previously held.

18. During Plaintiff Zimmerman's employment with Defendants SSF, Defendant Raffaelli's conduct and actions created a hostile environment for police officers who had served and were serving in military service, including Plaintiff Zimmerman. Some examples of Defendant Raffaelli's biased conduct include but are not limited to pressuring Plaintiff Zimmerman to terminate his military service, prohibiting military reservists from serving on the same team, complaints about and instruction to cease recruitment of South San Francisco police officers into military service, comments regarding it was hard to evaluate Plaintiff Zimmerman because absences due to military service, unjustifiably criticizing Plaintiff Zimmerman for his comments before the City Council at a Council meeting in February 2007 honoring those who served in the military and thanking the City Council for its support, asking Plaintiff Zimmerman every time he applied for a special assignment or promotion when he was getting out of the military service, at a City Council meeting referring to police officers who served in the National Guard or Army Reserves as doing so " for purely selfish reasons", and denying promotional opportunities to Plaintiff Zimmerman.

19. As a result of Defendants' illegal conduct, Plaintiff Zimmerman has suffered various damages, including lost wages and benefits and emotional distress.

### PERTINENT FACTS RE PLAINTIFF CARTER

20. Plaintiff Carter commenced employment with Defendants SSF in 1978 as a Police Officer. In 1997, Plaintiff Carter was promoted to Police Sergeant and has maintained that job title ever since.

21. Throughout his employment, Plaintiff Carter has performed his duties in a diligent and competent manner, consistently receiving positive feedback and commendations from his superiors and co-workers regarding his job performance.

-5-

COMPLAINT

22. From 1984 to 2001, Plaintiff Carter was a member of the California Army National Guard and from 2001 to the present, Plaintiff Carter was a member of the United States Army Reserve. As such, he was a member of the "uniformed services" under USERRA (*See* 38 U.S.C. §4303(13)) and a member of the military forces of the United States under California Military and Veterans Code §§ 394 *et. seq.*

23. During his employment with Defendants SSF, Plaintiff Carter was called to full time active duty on multiple occasions, including but not limited to two deployments to Iraq from September 2003 to March 2004 and from September 2005 to September 2006, and other deployments to Dublin, California from January 2003 to September 2003, Fort Hood, Texas from June 2005 to September 200, Saudi Arabia from December 1990 to June 1991, and Germany from January 1997 to September 1997. Plaintiff Carter received multiple awards and medals for his military service, including but not limited to Bronze Star Medal, Kuwait Liberation Medals, and Global War on Terrorism Service and Expeditionary medals.

24. While serving as a Police Sergeant for Defendants SSF, Plaintiff Carter was desirous of being promoted to Lieutenant or Captain. In early 2003, Plaintiff Carter applied for an open Lieutenant position. Defendant Raffaelli looked at him and asked, "What are you doing here?" Thereafter, Plaintiff Carter was informed he did not pass the promotion exam. Subsequently, the Training and Recruitment Officer told Plaintiff Carter that something was "funny" about the exam results. Other individuals less qualified that Plaintiff Carter for the Lieutenant position and who were non-military were selected by Defendant Raffaelli and Defendants SSF. Plaintiff Carter's military status and service was a motivating factor for Defendants SSF and Defendant Raffaelli's refusal to consider him for promotion to Lieutenant and, in the absence of such motivation, Plaintiff Carter would have been promoted.

25. In July 2004, when Plaintiff Carter applied for an open Captain's position, an individual less qualified that Plaintiff Carter for the Captain position and who was non-military was selected by Defendant Raffaelli and Defendants SSF. Plaintiff

-6-

COMPLAINT

Carter's military status and service was a motivating factor for Defendants SSF and Defendant Raffaelli's refusal to promote him to Captain and, in the absence of such motivation, Plaintiff Carter would have been promoted to Captain.

26. In June 2005, Plaintiff Carter was activated and deployed to Fort Hood, Texas. In December 2005, he was redeployed to Iraq for a second tour of full time active duty with the Army. While serving in Iraq in January 2006, Plaintiff Carter learned of Defendants SSF intent to conduct examinations for the position of Police Lieutenant. Desiring promotion, Plaintiff Carter, on January 10, 2006, emailed Defendant Raffaelli that he was interested in becoming Lieutenant, wanted to apply for the position and test, which was scheduled while he was in Iraq, and requested that the examination be postponed until his return from military service or that an alternative means for him to take the test be arranged. Plaintiff Carter followed up this email with a similar email request to Defendants SSF's Human Resources Department with his resume and had copies of his email and resume delivered to Defendants SSF. Defendant Raffaelli and Defendants SSF denied Plaintiff Carter's request and proceeded with the promotional exam on or about February 15, 2006 while Plaintiff Carter was on active duty in Iraq. In October 2006 and January 2007, after Plaintiff Carter had returned from Iraq, Defendants SSF and Defendant Raffaelli promoted two lesser qualified non-military individuals to the Lieutenant position, both of whom used to be supervised by Plaintiff Carter. Plaintiff Carter's military status and service was a motivating factor for Defendants SSF and Defendant Raffaelli's refusal to allow him to take the Lieutenant's promotional exam and/or to consider him for promotion to Lieutenant and, in the absence of such motivation, Plaintiff Carter would have been promoted to Lieutenant.

27. During Plaintiff Carter's employment with Defendants SSF, Defendant Raffaelli's conduct and actions created a hostile environment for police officers who had served and were serving in military service, including Plaintiff Carter. Some examples of Defendant Raffaelli's biased conduct include but are not limited to pressuring Plaintiff Carter to terminate his military service, prohibiting military reservists from serving on the

-7-

COMPLAINT

same team, calling Plaintiff Carter's military unit while he was on active duty and inquiring if Plaintiff Carter had volunteered for active duty and asking if he could fire him, at a City Council meeting referring to police officers who served in the National Guard or Army Reserves as doing so " for purely selfish reasons", unjustifiably criticizing Plaintiff Zimmerman, who Plaintiff Carter accompanied, for his comments before the City Council at a Council meeting in February 2007 honoring those who served in the military and thanking the City Council for its support, not allowing Plaintiff Carter to return to his second year in Investigations upon his return from Iraq in 2004, and denying promotional opportunities to Plaintiff Carter.

28. As a result of Defendants' illegal conduct, Plaintiff Carter has suffered various damages, including lost wages and benefits and emotional distress.

### FIRST CAUSE OF ACTION
### (USERRA/Zimmerman)

29. All previous paragraphs are incorporated as though fully set forth herein. This cause of action is pled against all Defendants.

30. Under USERRA, an employer or person may not discriminate in employment against or take any adverse employment action against any person on the basis of that person's service in the uninformed services. 38 U.S.C. §4311. Under USERRA, among other things, an employer must reemploy a returning military service employee "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform;" 38 U.S.C. §4313(a)(2)(A).

31. Defendants violated Plaintiff Zimmerman's rights under USERRA when they denied him the aforementioned Corporal and Sergeant promotional opportunities, reemployment to VTTF upon his return from active duty in December 2006, and created a workplace environment hostile to those individuals, including Plaintiff Zimmerman, who served in the military.

32. As a result of Defendants' illegal conduct, Plaintiff Zimmerman has suffered significant damages, including lost wages and benefits and emotional pain and suffering.

33. Defendants conduct was willful, entitling Plaintiff Zimmerman to liquidated damages allowed by 38 U.S.C. §4323(d)(1)(C).

34. Plaintiff Zimmerman is entitled to his attorneys fees and litigation costs pursuant to 38 U.S.C. §4323(h)(2).

## SECOND CAUSE OF ACTION
### (California Military and Veterans Code/Zimmerman)

35. All previous paragraphs are incorporated as though fully set forth herein. This cause of action is pled against all Defendants.

36. Pursuant to California Military and Veterans Code §§394 *et. seq.*, no person or employer shall discriminate in employment against or take any adverse employment action against any person on the basis of that person's service in or membership of the uninformed services.

37. Defendants violated Plaintiff Zimmerman's rights under California Military and Veterans Code §§394 *et. seq.* when they denied him the aforementioned Corporal and Sergeant promotional opportunities, reemployment to VTTF upon his return from active duty in December 2006, and created a workplace environment hostile to those individuals, including Plaintiff Zimmerman, who served in the military.

38. As a result of Defendants' illegal conduct, Plaintiff Zimmerman has suffered significant damages, including lost wages and benefits and emotional pain and suffering.

39. Plaintiff Zimmerman is entitled to his attorneys fees and litigation costs pursuant to California Military and Veterans Code §394(g).

### THIRD CAUSE OF ACTION
### (USERRA/Carter)

40. All previous paragraphs are incorporated as though fully set forth herein. This cause of action is pled against all Defendants.

41. Under USERRA, an employer or person may not discriminate in employment against or take any adverse employment action against any person on the basis of that person's service in the uniformed services. 38 U.S.C. §4311. Under USERRA, among other things, an employer must reemploy a returning military service employee "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform;" 38 U.S.C. §4313(a)(2)(A).

42. Defendants violated Plaintiff Carter's rights under USERRA when they denied him the aforementioned Lieutenant and Captain promotional opportunities and created a workplace environment hostile to those individuals, including Plaintiff Carter, who served in the military.

43. As a result of Defendants' illegal conduct, Plaintiff Carter has suffered significant damages, including lost wages and benefits and emotional pain and suffering.

44. Defendants conduct was willful, entitling Plaintiff Carter to liquidated damages allowed by 38 U.S.C. §4323(d)(1)(C).

45. Plaintiff Carter is entitled to his attorneys fees and litigation costs pursuant to 38 U.S.C. §4323(h)(2).

### FOURTH CAUSE OF ACTION
### (California Military and Veterans Code/Carter)

35. All previous paragraphs are incorporated as though fully set forth herein. This cause of action is pled against all Defendants.

36. Pursuant to California Military and Veterans Code §§394 *et. seq.*, no person or employer shall discriminate in employment against or take any adverse

COMPLAINT

employment action against any person on the basis of that person's service in or membership of the uniformed services.

37. Defendants violated Plaintiff Carter's rights under California Military and Veterans Code §§394 *et. seq.* when they denied him the aforementioned Lieutenant and Captain promotional opportunities and created a workplace environment hostile to those individuals, including Plaintiff Carter, who served in the military.

38. As a result of Defendants' illegal conduct, Plaintiff Carter has suffered significant damages, including lost wages and benefits and emotional pain and suffering.

39. Plaintiff Carter is entitled to his attorneys fees and litigation costs pursuant to California Military and Veterans Code §394(g).

WHEREFORE, Plaintiff Zimmerman prays for judgment against Defendants as follows:

1. An injunction prohibiting Defendants from engaging in future violations of the USERRA and the California Military and Veterans Code;

2. Immediate promotion, with full seniority and other benefits, to the position of Police Sergeant;

3. For compensatory and general damages, including back pay and emotional distress, to the fullest extent permitted under USERRA and California Military and Veterans Code;

4. Liquidated damages and monetary penalties to the fullest extent permitted under USERRA (*e.g.* 38 U.S.C. §4323(d)-(e)) and California Military and Veterans Code §394;

5. Litigation costs, expenses, attorneys' fees to the fullest extent permitted under USERRA (*e.g.* 38 U.S.C. §4323(h)) and California Military and Veterans Code §394(g);

6. For costs of suit incurred herein;

7. For such other and further relief as the Court may deem proper.

COMPLAINT

WHEREFORE, Plaintiff Carter prays for judgment against Defendants as follows:

1. An injunction prohibiting Defendants from engaging in future violations of the USERRA and the California Military and Veterans Code;

2. Immediate promotion, with full seniority and other benefits, to the position of Police Lieutenant or Police Captain;

3. For compensatory and general damages, including back pay and emotional distress, to the fullest extent permitted under USERRA and California Military and Veterans Code;

4. Liquidated damages and monetary penalties to the fullest extent permitted under USERRA (*e.g.* 38 U.S.C. §4323(d)-(e)) and California Military and Veterans Code §394;

5. Litigation costs, expenses, attorneys' fees to the fullest extent permitted under USERRA (*e.g.* 38 U.S.C. §4323(h)) and California Military and Veterans Code §394(g);

6. For costs of suit incurred herein;

7. For such other and further relief as the Court may deem proper.

DATED: July 13, 2007.

_____
Daniel M. Crawford
Attorney for Plaintiffs
Howard Zimmerman and William Carter

**TRIAL BY JURY DEMANDED**

Plaintiffs hereby demand trial by Jury:

_____
Daniel M. Crawford
Attorney for Plaintiffs
Howard Zimmerman and William Carter

-12-

COMPLAINT