KATHY E. MOUNT, SBN: 104736
kmount@meyersnave.com
TERRY ROEMER, SBN: 151894
troemer@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 – 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants City of South San Francisco,
South San Francisco Police Department, and
Mark Raffaelli

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ZIMMERMAN and WILLIAM CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SOUTH SAN FRANCISCO, SOUTH SAN FRANCISCO POLICE DEPARTMENT, MARK RAFFAELLI, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C073623 WHA<br><br>ANSWER TO COMPLAINT<br><br>Complaint Filed: July 13, 2007 |

Defendants City of South San Francisco ("City"), the City of South San Francisco Police Department ("Department"), and Mark Raffaelli ("Chief Raffaelli") hereby answer and respond to the unverified Complaint in the above-captioned matter ("Complaint"), filed in this Court on July 13, 2007, as follows:

1. Responding to the allegations contained in paragraph 1 of the Complaint, Defendants admit the allegations contained therein.

2. Responding to the allegations contained in paragraph 2 of the Complaint, Defendants admit the allegations contained therein.

3. Responding to the allegations contained in paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

4. Responding to the allegations contained in paragraph 4 of the Complaint,

Defendants admit the allegations contained therein.

5. Responding to the allegations contained in paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6. Responding to the allegations contained in paragraph 6 of the Complaint, Defendants deny the allegations contained therein.

7. Responding to the allegations contained in paragraph 7 of the Complaint, Defendants deny the allegations contained therein.

8. Responding to the allegations contained in paragraph 8 of the Complaint, Defendants admit that plaintiffs are bringing this lawsuit under the statutes identified therein.

9. Responding to the allegations contained in paragraph 9 of the Complaint, Defendants admit that this Court appears to have jurisdiction over this lawsuit based on the statutes identified therein.

10. Responding to the allegations contained in paragraph 10 of the Complaint, Defendants admit that venue appears proper in this Court based on the statutes identified therein.

11. Responding to the allegations contained in paragraph 11 of the Complaint, Defendants admit the allegations contained therein.

12. Responding to the allegations contained in paragraph 12 of the Complaint, Defendants deny the allegations contained therein.

13. Responding to the allegations contained in paragraph 13 of the Complaint, Defendants lack sufficient information or knowledge to enable them to form a belief regarding the truth of the allegations contained therein and, on that basis, deny each of the allegations contained therein.

14. Responding to the allegations contained in paragraph 14 of the Complaint, Defendants lack sufficient information or knowledge to enable them to form a belief regarding the truth of the allegations contained therein and, on that basis, deny each of the allegations contained therein.

15. Responding to the allegations contained in paragraph 15 of the Complaint, Defendants lack sufficient information or knowledge to enable them to form a belief regarding the allegations contained in the first sentence and, on that basis, deny each of the allegations contained therein. Defendants deny the allegations contained in the second sentence.

16. Responding to the allegations contained in paragraph 16 of the Complaint, Defendants admit that Plaintiff Zimmerman communicated to the City an interest in participating in the upcoming examination for sergeant in February 2006, that the City proceeded with the promotional exam, and that the City selected another officer for the sergeant position. Defendants deny the remaining allegations contained in paragraph 16.

17. Responding to the allegations contained in paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18. Responding to the allegations contained in paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

19. Responding to the allegations contained in paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

20. Responding to the allegations contained in paragraph 20 of the Complaint, Defendants admit the allegations contained therein.

21. Responding to the allegations contained in paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

22. Responding to the allegations contained in paragraph 22 of the Complaint, Defendants lack sufficient information or knowledge to enable them to form a belief regarding the allegations contained therein and, on that basis, deny each and every of the allegations contained therein.

23. Responding to the allegations contained in paragraph 23 of the Complaint, Defendants lack sufficient information or knowledge to enable them to form a belief regarding the allegations contained therein and, on that basis, deny each and every of the allegations contained therein.

24. Responding to the allegations contained in paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

25. Responding to the allegations contained in paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26. Responding to the allegations contained in paragraph 26 of the Complaint, Defendants admit that Plaintiff Carter communicated to the City an interest in participating in the upcoming examination for lieutenant in January 2006, that the City proceeded with the promotional exam, and that the City selected two officers for the lieutenant position over a period of a year. Defendants lack sufficient information or knowledge to enable them to form a belief regarding the truth of the allegations contained in the first two sentences of paragraph 26. Defendants deny the remaining allegations contained therein.

27. Responding to the allegations contained in paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28. Responding to the allegations contained in paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

29. Responding to the allegations contained in paragraph 29 of the Complaint, Defendants incorporate their responses to the previous paragraphs 1-28 in the Complaint as though fully set forth herein.

30. Responding to the allegations contained in paragraph 30 of the Complaint, Defendants respond that the statutes cited speak for themselves.

31. Responding to the allegations contained in paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

32. Responding to the allegations contained in paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33. Responding to the allegations contained in paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34. Responding to the allegations contained in paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35. Responding to the allegations contained in paragraph 35 of the Complaint, Defendants incorporate their responses to the previous paragraphs 1-34 in the Complaint as though fully set forth herein.

36. Responding to the allegations contained in paragraph 36 of the Complaint, Defendants respond that the statutes cited speak for themselves.

37. Responding to the allegations contained in paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

38. Responding to the allegations contained in paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

39. Responding to the allegations contained in paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

40. Responding to the allegations contained in paragraph 40 of the Complaint, Defendants incorporate their responses to the previous paragraphs 1-39 in the Complaint as though fully set forth herein.

41. Responding to the allegations contained in paragraph 41 of the Complaint, Defendants respond that the statutes cited speak for themselves.

42. Responding to the allegations contained in paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

43. Responding to the allegations contained in paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44. Responding to the allegations contained in paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45. Responding to the allegations contained in paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

[NOTE: From this point forward, the Complaint's paragraphs are misnumbered, starting with paragraph 35 again.]

35. [sic]    Responding to the allegations contained in paragraph 35 [sic] of the Complaint, Defendants incorporate their responses to the previous paragraphs 1-45 in the

Complaint as though fully set forth herein.

36. [sic]   Responding to the allegations contained in paragraph 36 [sic] of the Complaint, Defendants respond that the statutes cited speak for themselves.

37. [sic]   Responding to the allegations contained in paragraph 37 [sic] of the Complaint, Defendants deny each and every allegation contained therein.

38. [sic]   Responding to the allegations contained in paragraph 38 [sic] of the Complaint, Defendants deny each and every allegation contained therein.

39. [sic].   Responding to the allegations contained in paragraph 39 [sic] of the Complaint, Defendants deny each and every allegation contained therein.

Responding to the prayer for relief set forth at page 11, lines 11-27 and page 12, lines 1-17, Defendants deny that Plaintiffs are entitled to any of the relief requested or any relief whatsoever.

## AS AND FOR THEIR AFFIRMATIVE DEFENSES TO THE CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST THEM IN THE COMPLAINT HEREIN, THE DEFENDANTS ALLEGE AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiffs fail to state facts sufficient to constitute a cause of action for violation of 38 U.S.C. § 4311 *et seq* (USERRA) against any of the Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.   Plaintiffs fail to state facts sufficient to constitute a cause of action for violation of California Military & Veterans Code § 394 *et seq* against any of the Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.   Plaintiffs fail to state a cause of action for hostile work environment in violation of USERRA as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

4.   Plaintiffs' claims, and each of them, against South San Francisco Police Department are barred because South San Francisco Police Department is not a separately suable entity.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs fail to state facts sufficient to constitute a cause of action for violation of USERRA against Defendant Raffaelli because he is not an "employer" within the meaning of USERRA.

### SIXTH AFFIRMATIVE DEFENSE

6. All of Plaintiffs' causes of action are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' causes of action are barred due to their failure to comply, and to allege compliance, with the California Government Tort Claims Act claim presentation requirements.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims under USERRA and the Military & Veterans Code are barred due to their failure to exhaust administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs' claims, and each of them, are barred by the privileges and immunities applicable to public employees and agencies, including but not limited to California Government Code §§ 815.2, 815.6, 818.2, 820.2, 820.4, 820.6, 820.8, 821, 821.6, and 822.2.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims, and each of them, are barred by the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants had legitimate, nondiscriminatory reasons, which were not pretext for discrimination, for taking the personnel actions they took related to Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

12. If Plaintiffs were entitled to recover for any loss suffered or sustained at the times alleged, although such is not admitted hereby or herein, then the total amount of damage to which Plaintiffs would otherwise be entitled shall be reduced in proportion to the

amount of negligence attributable to Plaintiffs and which negligence directly and proximately contributed to Plaintiffs' loss or damage herein alleged.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.   If Plaintiffs were entitled to recover for any loss suffered or sustained at the times alleged, although such is not admitted hereby or herein, then the total amount of damage to which Plaintiffs would otherwise be entitled shall be limited by after-acquired evidence of misconduct which would have resulted in discipline, through termination.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.   At all times mentioned in the Complaint, Defendants acted in conformity with applicable law, regulation, and policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.   Plaintiffs' alleged injuries, losses, or damages were proximately caused by a superseding and intervening cause.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.   If Plaintiffs suffered or sustained any loss, damage or injury at or about the times and places alleged, although such is not admitted hereby or herein, the same or the direct and proximate result of the risk, if any risk there was, was knowingly assumed by Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Plaintiffs are not entitled to injunctive relief because they each have adequate legal remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Plaintiffs are not entitled to an award of attorneys' fees.

### NINETEENTH AFFIRMATIVE DEFENSE

19.   Plaintiffs' claims of emotional distress are barred by the exclusivity provisions of the Workers' Compensation laws.

### TWENTIETH AFFIRMATIVE DEFENSE

20.   If the Defendants did subject Plaintiffs to any wrongful or unlawful conduct

resulting in mental, physical or emotional harm, although such is not admitted hereby, Plaintiffs had a duty to mitigate any damages they may have suffered by seeking medical and psychological treatment and Plaintiffs have failed to do so.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.   Plaintiffs had a duty, but failed, to mitigate any damages to which they may be entitled.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.   Plaintiffs' claims are barred by unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.   Plaintiffs' claim for injunctive relief is moot.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.   Plaintiffs' claims, and each of them, are moot because the sought-for relief has already been granted.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.   Plaintiffs' claims are barred by waiver and estoppel.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.   Plaintiffs' claims are barred by contractual agreement.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.   Plaintiffs fail to state facts sufficient to constitute a cause of action because plaintiffs did not suffer an "adverse employment action."

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.   Plaintiffs lack standing to bring these claims, and each of them.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.   Liquidated damages should not be awarded because none of the alleged wrongful acts by defendants were willful.

### THIRTIETH AFFIRMATIVE DEFENSE

30.   Plaintiffs' claims are barred because they are not ripe for adjudication.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs fail to state facts sufficient to constitute a cause of action for hostile work environment because the alleged conduct is neither severe nor pervasive and did not alter the terms or conditions of plaintiffs' employment.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be awarded for Defendants;

2. That Plaintiffs take nothing by their Complaint;

3. That Defendants be awarded their costs incurred herein, including attorneys' fees; and

4. That the Court order such other and further relief for these answering Defendants as the Court may deem just and proper.

Dated: August 8, 2007

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: *Terry Roemer*
Terry Roemer
Attorneys for Defendants City of South San Francisco, South San Francisco Police Department, Mark Raffaelli

996324_1

## PROOF OF SERVICE

I am employed in the City of Oakland and County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is Meyers, Nave, Riback, Silver & Wilson, 555 12th Street, Suite 1500, Oakland, California 94607.

On August 8, 2007 I served the following document(s):

ANSWER TO COMPLAINT

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Daniel M. Crawford
Attorney at Law
44 Montgomery Street, Suite 1050
San Francisco, California 94104
Telephone: (415) 433-1442
Facsimile: (415) 986-4056

__x__ (BY FIRST-CLASS MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California. I am readily familiar with the business practice for collection and processing of mail in this office; and that in the ordinary course of business said document would be deposited with the U.S. Postal Service in Oakland on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.

_____ (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the offices of each addressee above.

_____ (BY OVERNIGHT MAIL) I caused each such envelope to be delivered overnight via Federal Express in lieu of delivery by mail to the offices of each addressee above – TRACKING NO. 790601609346

_____ (BY FACSIMILE) I caused said document(s) to be sent by facsimile machine number indicated above. The transmission originated from facsimile machine number (510) 444-1108, and was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED at Oakland, California, on August 8, 2007

*Julie Hokanson* (signature)
Julie Hokanson

ANSWER TO COMPLAINT                                                              *Zimmerman et al. v. City of South San Francisco*
                                           11                                    Case No C073623 WHA