KATHY E. MOUNT, SBN: 104736
kmount@meyersnave.com
SAMANTHA W. ZUTLER, SBN 238514
szutler@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 – 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants City of South San Francisco,
South San Francisco Police Department, and
Mark Raffaelli

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ZIMMERMAN and WILLIAM CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SOUTH SAN FRANCISCO, SOUTH SAN FRANCISCO POLICE DEPARTMENT, MARK RAFFAELLI, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C073623 WHA<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed: July 13, 2007 |

Subject to the approval of this Court, the parties do hereby stipulate to the following protective order:

1.  City of South San Francisco Police Department personnel files of plaintiffs Howard Zimmerman and William Carter and any other present or former employee of South San Francisco disclosed in this action are to be designated as "Confidential Material." Any documents discussing the qualifications of plaintiffs or any other employee of City of South San Francisco for promotion shall also be designated as 'Confidential Material." Such designation shall be made by stamping or otherwise marking the material prior to use in this litigation as follows: "Confidential Material Subject to Protective Order." Any reference to material contained in the personnel file of any present or former employee of the City of South San Francisco which is revealed in interrogatory answers or otherwise

1  during discovery in this matter will also be deemed "Confidential Material."

2      2.    Confidential Material shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation.

5      3.    Confidential Material may not be disclosed except as set forth in paragraph 4.

6      4.    Confidential Material may be disclosed only to the following persons:

    a.    Counsel for any party to this action;

    b.    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);

    c.    Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    d.    Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

    e.    Any "in house" expert designated by defendant to testify at trial in this matter;

    f.    Witnesses, other than the plaintiffs herein, who may have the documents disclosed to them during deposition proceedings. The witnesses may not leave the deposition with copies of the documents, and shall be bound by the provisions of paragraph 5;

    g.    Any Neutral Evaluator or other designated ADR provider; and

    h.    Parties to this action

Nothing in this paragraph is intended to prevent Plaintiffs, officials, or employees of the City of South San Francisco or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personal to him or her, i.e., a witness can disclose to others previous information given to the City of South San Francisco with respect to what she/he saw, heard, or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understands the provisions of the protective order. Signing a copy of this protective order shall be a sufficient indication that the person has reviewed the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court in the Northern District of California with respect to any proceeding relating to the enforcement of this order. Defendant City of South San Francisco shall be entitled to retain possession of the original confidential materials described above.

6. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be tendered back to the City of South San Francisco. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this court.

7. Any document filed with the court that reveals Confidential Material shall be filed under seal, labeled with a cover sheet as follows: "ZIMMERMAN et al., Plaintiff, v. CITY OF SOUTH SAN FRANCISCO, Case No. C073623 WHA. This document is subject to a protective order issued by the court and may not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the court or counsel. Upon failure of the party to so file a document under seal, the producing party may request that the court place the filing under seal.

8. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contains Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

9. The foregoing is without prejudice to the right of any party; (a) to apply to the

court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the court for an order removing the Confidential Material designation from any documents; and (c) to apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

Dated: October 26, 2007

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /s/
Samantha W. Zutler
Attorney for Defendants
City of South San Francisco

Dated: October 29, 2007

LAW OFFICES OF DANIEL M. CRAWFORD

By: /s/
Dan Crawford
Attorney for Plaintiffs
Howard Zimmerman and William Carter

**ORDER**

The Court has considered the foregoing stipulation of the parties. Good cause appearing therefor, the Court hereby orders that the above-described Confidential Material shall be subject to a protective order fully incorporating the provisions set forth above.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
Hon. William Alsup
UNITED STATES DISTRICT COURT JUDGE